FANNIE G. PARSONS, Respondent, *v.* FRANK L. PARKER, Appellant.

APPEAL — INCONSISTENT FINDINGS — RULE APPLIED — WESTCHESTER COUNTY TAX SALES. The rule, that when findings are absolutely inconsistent and wholly irreconcilable the Court of Appeals must accept as true those most favorable to the appellant's contention, applied to an appeal by the defendant in an action to recover the possession of land to which he claimed title through tax-sale leases under the act authorizing the sale of lands for non-payment of taxes in the several towns of Westchester county (L. 1874, ch. 610), where the principal question presented related to the validity of the assessments and the subsequent proceedings resulting in the leases.

*Parsons* v. *Parker*, 91 Hun, 639, reversed.

(Submitted March 23, 1899; decided April 18, 1899.)

APPEAL from a judgment of the late General Term of the Supreme Court in the second judicial department, entered December 16, 1895, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The original defendant, Charles W. Parker, died after the judgment of the General Term, and the present defendant and appellant succeeded to all his property and interests and was substituted in his place.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wilson Brown, Jr.*, for appellant. The judgment should be reversed and a new trial granted. (*People ex rel.* v. *Wemple*, 117 N. Y. 83; L. 1878, ch. 152; *Hilton* v. *Fonda*, 86 N. Y. 339; *Matter of McLean*, 138 N. Y. 163; *Cowenhoven* v. *Ball*, 118 N. Y. 235; *Kane* v. *City of Brooklyn*, 114 N. Y. 586.)

*Henry Parsons* for respondent. The assessments for the years 1889 and 1890 were void. (1 R. S. ch. 13, tit. 2, art. 1, §§ 1, 2, 3; *Parsons* v. *Parker*, 80 Hun, 281; *Hilton* v. *Fonda*, 86 N. Y. 339; *Stewart* v. *Crysler*, 100 N. Y. 378; *Sanders* v. *Downs*, 141 N. Y. 422.) All subsequent proceed-

ings, however regular, would not affect plaintiff's title. (L. 1874, ch. 610; L. 1875, ch. 332; L. 1877, ch. 193; L. 1880, ch. 506; *Tilden* v. *Duden*, 15 N. Y. S. R. 800.) The defendant could get no title as against the plaintiff under the tax leases introduced in evidence made in 1877 and 1883 of the McIntyre farm. (*Parsons* v. *Parker*, 80 Hun, 281.)

PARKER, Ch. J. Mindful of the duty of this court to harmonize inconsistent findings where it is possible to do so, we have studied those contained in this record carefully with that end in view, but only to find them absolutely inconsistent and wholly irreconcilable, and, therefore, we must be governed by the rule that requires this court to accept as true the findings most favorable to the appellant's contention. (*Israel* v. *M. E. R. Co.*, 158 N. Y. 624.)

This action was brought to recover possession of two lots of land in the town of Mamaroneck, Westchester county, described as lots Nos. 117 and 118 on a map of land made by Thomas R. Hawley.

On a former trial the plaintiff, as on this trial, established her claim of title, but the defendant was in possession, claiming title under two tax leases made by the supervisor of the town of Mamaroneck pursuant to a sale of the lots for unpaid taxes for an assessment in the years 1889 and 1890, and a subsequent assignment of the leases by the supervisor of the town to the defendant, and the principal question presented related to the validity of such assessment and the subsequent proceedings resulting in the leases. The trial court held that the assessment and the subsequent proceedings had thereon were valid, and rendered judgment in favor of the defendant. Upon appeal the General Term reversed the judgment, holding that the assessment was not made in conformity with the statute, in that the lands were occupied lands owned by the plaintiff, who was at the time a non-resident of the town in which they were situated, although a resident of the county; that the lands were not assessed either to the owner or to the occupant, but to Henry Parsons, who was at the time neither

3

owner nor occupant, and hence the assessment was void.
(*Parsons* v. *Parker*, 80 Hun, 281.)

A retrial resulted in a judgment in favor of the plaintiff,
the trial court finding all the facts requested by the defend-
ant, but refusing to find the conclusions of law requested by
him, assigning as the reason therefor the following : " I refuse.
to find the conclusions of law, in obedience to my understand-
ing of the decision of the General Term in this case when the
last judgment was reversed by that court." He made a decis-
ion that contains the findings of fact apparently proposed by
the plaintiff, and directed judgment that the sale of the lots.
described in the complaint for arrears of taxes for the years.
1890 and 1891 be set aside, and that the leases given in pur-
suance of such sales be canceled, adjudging that there were
no other conveyances or leases affecting the title of said plain-
tiff to said property. In addition to the leases resulting from
a sale of the property for taxes for the years 1890 and 1891,
the defendant also claimed under two certain tax leases dated
October 27, 1877, and October 5, 1883 ; with reference to
these leases the trial court found at the request of the defend-
ant as follows · " That one S. Webber Parker was in the actual
possession and occupancy of said McIntyre farm, and of the
lots and premises set forth in the complaint as a part thereof,
from the year 1886 to the year 1889 inclusive, under two cer-
tain tax leases of the McIntyre farm, one of which is dated
October 27, 1877, and the other October 5, 1883, hereinafter
more particularly referred to, and during the years 1887, 1888
and 1889 said S. Webber Parker actually occupied said lots
and premises set forth in the complaint, and tilled the said
land and lots and planted and gathered crops therefrom.

" That the tax lease aforesaid, dated October 27, 1877, was
made by the supervisor of the town of Mamaroneck to said
town of Mamaroneck for the term of one thousand years, and
leased to said town the said McIntyre farm, of which the
premises described in the complaint are part, and the tax lease
aforesaid, dated October 5, 1883, was made by said supervisor
to said town for the term of one thousand years, and leased.

to said town of Mamaroneck (with other lands). The said McIntyre farm, of which the premises described in the complaint are part, and both of said leases, were duly delivered and assigned by said supervisor to the said S. Webber Parker, who subsequently, and in the beginning of the year 1890, duly assigned and delivered said leases to the defendant Charles W. Parker, who entered into the actual possession and occupancy of said farm and of the premises described in the complaint, and tilled the ground and planted crops thereon and gathered the crops therefrom, and said defendant ever since has been, and now is, in such actual possession and occupancy of said premises described in the complaint herein."

The legal effect of such finding is unmistakable when read in the light of the statute, which provides that "Such lease shall be presumptive evidence that such tax was legally imposed, and of the regularity of all the proceedings and of the sale." (Laws of 1874, ch. 610, § 6.)

It is clear that the judgment in favor of the plaintiff cannot be supported on these findings. On this subject the court stated the facts quite differently in its decision. It said: "Prior to the year 1871 said premises were a part of what is known as the McIntyre farm, but about that time was, with other farms, surveyed and mapped into lots as Grand Park, and these premises being lots 117 and 118 on said map were, from that time, assessed separate and apart from the said McIntyre farm, and thereafter formed no part of what was thereafter known as the McIntyre farm. * * * It appears also that the defendant claims title to said lots by virtue to two tax leases of the McIntyre farm, made in 1877 and 1883 respectively, under sales for arrears of taxes levied on the McIntyre farm subsequent to the conveyance of the lots in question to Henry Parsons in 1871. I decide that no such levy of taxes and sales thereunder could affect the lots in question, as subsequent to 1871 they had been assessed separate from the McIntyre farm, and the taxes paid thereon down to 1889."

Both of these findings cannot, of course, be true. One of

them must be, and is, without justification in the evidence, but it is not for this court to determine which one of the findings is supported by the testimony, and it must accept as true, for the purposes of this appeal, the one most favorable to the defendant.

The trial court also found, at the request of the defendant, that S. Webber Parker, who subsequently conveyed to the defendant, was also in the actual possession of said premises under certain mesne conveyances of the McIntyre farm from Thomas R. Hawley and Rinaldo W. Hawley through certain grantees to the defendant. But we shall not stop to consider whether these findings are of any practical importance, nor to discuss the very elaborate findings touching the conduct of the plaintiff and her husband in relation to the assessment of the property in question for several years prior to and including the years 1890 and 1891, apparently for the purpose of claiming, as indeed the appellant does, that the plaintiff by her conduct waived a strict compliance with the statute and consented that her property should be assessed in the name of Henry Parsons, and that she cannot now be heard to say that the assessment was not in conformity with the statute, and, therefore, invalid; for it is not unlikely that very different findings on that subject will be the result of a new trial.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except GRAY and O'BRIEN, JJ., not voting.

Judgment reversed, etc.